Grand Jury — Petition — Signers A grand jury petition is not defective on its face because of its failure to allege the signers thereof are qualified electors. A grand jury petition with signatures of a sufficient number of qualified electors should be accepted as valid on its face even though the petition does not allege the signers are qualified electors but does allege the signers are taxpayers. The Attorney General has considered your letter of November 4, 1969, requesting our opinion wherein you state: "A petition has been filed in this Court allegedly containing 543 names. The heading on each of the eighteen sheets of the petition is as follows: 'PETITION FOR CALL OF GRAND JURY' WARNING: Any the names of taxpayers of Washington County who have all taxes paid will be valid on this petition. TO THE HONORABLE DISTRICT JUDGE LATON L. DOTY, WASHINGTON COUNTY COURTHOUSE, BARTLESVILLE, OKLAHOMA. We, the undersigned taxpayers of Washington County, Oklahoma, (emphasis mine) respectfully request that a Grand Jury be called to investigate the city government of Bartlesville, and other matters which may be brought before it.' "The signers of the petition do not allege they are 'qualified electors' as now required by the Constitution, but that they are 'taxpayers' of Washington County." You ask the following two questions: "1. Is the petition defective on its face because of the failure to allege the signers are qualified electors? "2. Assuming the petition contains the signatures of a sufficient number of qualified electors, as verified by checking the voter registration books of Washington County, should the petition be accepted as being valid on its face, and a grand jury called as requested thereby, disregarding the fact that the petition does not allege on its face that the signers are qualified electors?" ArticleII, Section 18 Oklahoma Constitution, provides in part: "A grand jury shall be composed of twelve (12) persons, any nine (9) of whom concurring may find an indictment or true bill. A grand jury shall be convened upon the order of a judge of a court having the power to try and determine felonies, upon his own motion; or such grand jury shall be ordered by such judge upon the filing of a petition therefor signed by qualified electors of the county equal to one percent (1%) of the population of the county according to the last preceding Federal Decennial Census, with the minimum number of required signatures being two hundred (200) and the maximum being five hundred (500) . . . ." (Emphasis added) Black's Law Dictionary, Fourth Edition, defines "substance" as "Essence; the material or essential part of a thing, as distinguished from `form'." "Form" is defined as "the legal or technical manner or order to be observed in legal instruments or juridical proceedings, or in the construction of legal documents or processes." In the case of Rose v. Osborne, Me., I A.2d 225, the Court in the body of the opinion said: "The word `form' is the antithesis of `substance.' `Substance' is that which is essential. The `form' of a decree relates to technical defects, or nonconformance to mandate. `Substance' goes to matters which do not sufficiently appear or prejudicially affect the substantial rights of parties who may be interested therein and not to mere informalities." The essential words in the heading on each of the eighteen sheets presented to you appear to be only "Petition For Call Of Grand Jury". The warning, the address to your Honor, and the fact the signers of the petition designate themselves as taxpayers on each sheet of the petition are all inconsequential. Article II, Section 18 supra, requires the judge to call a grand jury upon the filing of a petition therefor signed by a sufficient number of qualified electors of the county. Under the rules set out above, all surplus words on the petition constitute matters of form rather than substance. It is therefore the opinion of the Attorney General your first question must be answered in the negative. The petition is not defective on its face because of the failure to allege the signers are qualified electors. Conversely, it is the further opinion of the Attorney General your second question must be answered in the affirmative. Assuming the facts set out in your second question the petition for grand jury should be accepted as valid on its face. (W. J. Monroe)